THE MAYOR AND ALDERMEN OF JERSEY CITY, PLAINT-IFFS IN ERROR, v. THE STATE, HENRY TRAPHAGEN ET AL., PROSECUTORS, DEFENDANTS IN ERROR.

*Certiorari,* to review the action of public officials, will not lie in favor of prosecutors who have no personal or property interest to be specially and immediately affected by the action complained of.

---

On error to the Supreme Court.

For the plaintiffs in error, *Cortlandt Parker.*

For the defendants in error, *H. M. T. Beekman.*

The opinion of the court was delivered by

The Chancellor.   On the 22d of May, 1888, at the instance of the New York, Lake Erie and Western Railroad Company, then the owner of all the land which fronted on the northerly side of Tenth street, in Jersey City, between

Grove and Henderson streets, the mayor and alderman of Jersey City passed an ordinance, the design of which was to grant permission to that railroad company to continue to maintain a covered platform for freight, which it had theretofore erected, on the north side of Tenth street, between the streets named, to within three feet of the curb.

The width of the sidewalk thus occupied was fifteen feet, and therefore, except for a distance of three feet, it was entirely covered by the platform. The defendants in error, who were the prosecutors below, are taxpayers in Jersey City, being the owners of tenement house property abutting on Tenth street immediately opposite the platform. It has not been shown that they have suffered private, direct or material injury from the objectionable occupation of the sidewalk, beyond the injury which is suffered by the public at large.

The Supreme Court was of opinion—*first*, that at the instance of the prosecutors, as taxpayers, it could review the ordinance in question, and, *second*, that the ordinance was beyond the powers conferred by its charter upon the mayor and aldermen of Jersey City, and void.

It is observed that prior to the passage of the ordinance, and, of course, to the adjudication upon *certiorari*, the platform was completely constructed, and hence that the action of the Supreme Court practically amounted to a simple declaration that the ordinance did not authorize the maintenance of the platform and legalize that which, at law, is a nuisance. It did not and could not direct the abatement of that nuisance. The prosecutors have not been so injured that they can maintain an action at law for damages, and they have no standing in equity. The adjudication had upon *certiorari* is not between those who must be the parties to the proceedings necessary to secure an abatement of the nuisance, and hence it does not now conclude those parties. At best, it is a mere opinion without effective force save through the respect that other courts will pay to the views of the learned judges who pronounced it. It is only through public instrumentalities that a public nuisance such as this may be abated. The state must proceed either

by indictment, or by information by its attorney-general.    If either of these. remedies had been invoked here in the first. instance, a single suit would have been a sufficient instrument to afford relief.    *State* v. *Laverack*, 5 *Vroom* 201.

This situation forcibly presents the question whether the. Supreme Court may proceed by *certiorari* in a case of this. kind.

The English rule, prior to the Municipal Corporation acts, that the redress of wrongs arising from the unlawful actions of public officers was to be exclusively effected in the name of the attorney-general, and that an individual could have no redress at his own suit until he should be directly affected in person or property by the enforcement of the illegal proceedings, has properly been modified in this state so far as to permit the individual affected, except in cases of taxation for ordinary public purposes, to institute an action in the name of the state,. prior to the actual enforcement of the proceeding objected to. *State, Danforth, pros.*, 5 *Vroom* 163 ; *State, Gregory, pros.*, v. *Mayor, &c., of Jersey City, Id.* 390; *State, Montgomery, pros.*,. v. *Mayor, &c., of Trenton,* 7 *Id.* 79 ; *State, ex rel. Ferry,* v. *Williams,* 12 *Id.* 332.

I fail, however, to find that, where the obligation of the. rule has been directly suggested to the Supreme Court, it has. been so modified as to permit the aid of that court to be invoked by a private individual who has no personal or property interest to be specially and immediately affected.    On. the contrary, the best considered cases in which the duty of obedience to the rule has been questioned, have uniformly held that to secure the aid of the Supreme Court, in questioning official action by use of extraordinary and discretionary remedies, the individual applying must show that he. will suffer a special injury beyond that which shall affect him in common with the remainder of the public.    *State, Keene,*. *pros.*, v. *Bronson,* 6 *Vroom* 468 ; *State, Montgomery, pros.*, v. *Mayor, &c., of Trenton,* 7 *Id.* 79 ; *State, ex rel. Ferry,* v. *Williams,* 12 *Id.* 332 ; *State* v. *Gloucester City,* 14 *Id.* 544 ; *State, Staats, pros.*, v. *Borough of Washington,* 15 *Id.* 605 ; *State,*.

*ex rel. Bamford,* v. *Hollinshead,* 18 *Id.* 439 ; *State, Austin, pros.,* v. *Atlantic City,* 19 *Id.* 18; *State, People's Gas Light Co., pros.,* v. *Mayor, &c., of Jersey City,* 17 *Id.* 297 ; *State, Domestic Telegraph Co., pros.,* v. *Newark,* 20 *Id.* 345 ; *State, Morgan, pros.,* v. *Orange,* 21 *Id.* 389.

More especially has this requirement been adhered to where another sufficient remedy, through public instrumentalities, has been available. *State, Montgomery, pros.,* v. *Trenton; State, ex rel. Bamford,* v. *Hollinshead, supra.*

Wherever, in cases entitled to consideration as precedents, this limitation has been disregarded, it appears that there was an absence of other means, public or private, for the redress of the wrong complained of.

It is observed in the present case, not only that procedure by *certiorari* is practically valueless, in that it cannot redress the wrong and in that the prosecutors suffer no special injury from the nuisance objected to, but also that the law provides other adequate remedy by which complete redress may be had. And it is noticeable that the wrong complained of did not arise from the questionable ordinance. It existed before any municipal action was had. The ordinance was apparently designed to legalize that which before its passage was illegal, and thus shield the perpetrators of it from the official action through which the prosecutors should have sought redress, and which is competent not only to break the shield, but also to redress the wrong behind it.

The writ of *certiorari* was improperly allowed and should have been dismissed. Hence, it is considered that the judgment below must be reversed.

DIXON, J. I do not concur in the opinion that the Supreme Court was without authority to review the ordinance now in question by *certiorari,* issued at the suit of private prosecutors. A course of decision in this state, continuing from the earliest times, seems to me to warrant the jurisdiction.

The ordinance is, I think, within the general grant of power delegated to the board of aldermen by paragraph 12, section 24, of the city charter (*Pamph. L.* 1871, *p.* 1094), " to regulate or prevent the use of streets for any other purposes than public travel," and is akin to ordinances under which streets are partially occupied by stoops, areas, awnings, bay windows, &c. Its validity, therefore, depends upon its reasonableness.

The power of adjudging an ordinance void for unreasonableness is one to be cautiously exercised, and in view of the entire control over the subject matter of this ordinance reserved to the municipality by the terms of the ordinance, and in view of the peculiar conditions existing in the street to which the ordinance relates, I am not satisfied that its provisions are unreasonable.

Therefore, I vote to reverse the judgment below.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Depue, Dixon, Knapp, Scudder, Van Syckel, Brown, Clement, Smith, Whitaker.    11.