THE STATE, WILLIAM G. DUFFORD, PROSECUTOR, v. CHRIS
TOPHER F. STAATS.

1. " An act concerning licenses in boroughs of the second class," approved
March 9th, 1891, is special and in violation of the constitutional prohibition against private, special or local laws for the regulation of the
internal affairs of towns and counties.

2. When a license for the sale of intoxicating liquors is granted by a
local body not having authority to grant it, the Supreme Court may
lawfully allow a writ of *certiorari* to review such action at the instance
of persons who are residents and taxpayers in the place where the
license is to be exercised, and who duly remonstrated before the local
body against its action.

On *certiorari.*

Argued at November Term, 1891, before Justices DIXON,
REED and GARRISON.

For the prosecutor, *Oscar Jeffery.*

For the defendant, *George T. Werts.*

The opinion of the court was delivered by

DIXON, J.   By its charter, approved February 20th, 1868
(*Pamph. L., p.* 76), the common council of the borough of
Washington, in the county of Warren, was invested with
" the sole and exclusive right and power of licensing and
assessing every inn-keeper, tavern-keeper and retailer of spirituous, malt or vinous liquors within said borough."   On
March 9th, 1891, " An act concerning licenses in boroughs of
the second class" was passed, purporting to confer upon the
Courts of Common Pleas of the several counties wherein such
boroughs are situate concurrent authority to grant licenses to
keep inns and taverns within such boroughs.   Under this act
the Common Pleas of Warren county, on May 5th, 1891,
against the written remonstrance of the prosecutor and others,
licensed the defendant to keep an inn and tavern within the
borough of Washington.

The present *certiorari* was obtained to set aside this action of the Common Pleas, upon the ground that the act of 1891 is a special law for the regulation of the internal affairs of municipalities, and, therefore, is unconstitutional and void.

This statute is not distinguishable, with regard to the point of objection, from that passed March 23d, 1883, which was adjudged to be special and unconstitutional by this court in *Hightstown* v. *Glenn*, 18 *Vroom* 105. That decision controls the present inquiry. The act of 1891 must be deemed invalid.

But the defendant insists that the prosecutor has no standing in court, because he is not interested or concerned otherwise than as one of the public, and, therefore, the writ should be dismissed.

The cases in which writs of *certiorari* to review the jurisdiction of local bodies exercising the power of licensing the sale of intoxicating liquors have been allowed, at the instance of residents and taxpayers in the place where the license was to be operative who had remonstrated before the local body against its action, are numerous. *Barnegat Beach Assn.* v. *Busby*, 15 *Vroom* 627 ; *Dufford* v. *Nolan*, 17 *Id.* 87 ; *Smith* v. *Elizabeth*, *Id.* 312 ; *Orcutt* v. *Reingardt*, *Id.* 337 ; *Batchelder* v. *Erb*, 18 *Id.* 92 ; *Austin* v. *Atlantic City*, 19 *Id.* 118 ; *Amerman* v. *Hill*, 23 *Id.* 326.

In *Ferry* v. *Williams*, 12 *Vroom* 332 ; *Dufford* v. *Nolan*, 17 *Id.* 87, and *Austin* v. *Atlantic City*, 19 *Id.* 118, the power of this court to allow the writ at the instance of such prosecutors was directly maintained. The opinion of the Court of Errors in *Jersey City* v. *Traphagen*, 24 *Vroom* 434, which is supposed to deny the legality of such a practice, cites some of these cases with apparent approval, and should not be deemed so broad as to defeat our jurisdiction under present conditions.

The proceedings of the Common Pleas must be set aside, with costs to the prosecutor.