*34 Vroom.* Coward v. North Plainfield.

THE STATE, SARAH A. COWARD ET AL., PROSECUTORS, v.
THE MAYOR, &c., OF NORTH PLAINFIELD.

Submitted July 11, 1898—Decided February 27, 1899.

1. *Gen. Stat.,* p. 179, entitled "An act for the formation of borough governments," which confers on the municipalities the power of eminent domain, sufficiently expresses its object in the title.
2. Under *Gen. Stat.,* p. 179, providing that the commissioners appointed to lay out and open a street in a borough shall be resident freeholders thereof, the fact that when appointed a commissioner owned a lot located about one hundred feet beyond the area of benefit as fixed by the commissioners does not disqualify him as not being disinterested so as to render the assessment for the improvement invalid.
3. *Gen. Stat.,* p. 179, providing for the opening of streets in boroughs, provides that the excess of the expense above special benefits shall be paid out of the general road tax, which is assessable against the taxable property of the borough. *Held,* that where such excess was assessed against the taxable property, taxpayers were not injuriously affected in their property rights so as to entitle them to *certiorari* to set aside the assessment.
4. The method of ascertaining the area of benefit of a local improvement which results in arbitrarily dividing some lots used or held as one plot of ground, so as to assess only the portion lying within the area, is illegal.
5. Though a special assessment is erroneous, in that only portions of some lots, used as one plot of ground, are assessed, the assessment can only be set aside as to such lots and not to others, if the error did not result in imposing an improper assessment on the latter.
6. The judgment of the commissioners as to the amount of benefits received by property-owners from a local improvement is conclusive unless clearly shown to be erroneous.

On *certiorari.*

Before Justices LIPPINCOTT and GUMMERE.

For the prosecutors, *Craig A. Marsh* and *Thomas N. Mc-Carter, Jr.*

For the defendant, *Charles A. Reed.*

The opinion of the court was delivered by

GUMMERE, J.   The prosecutors in these writs seek to set aside an assessment for benefits for the laying out and opening of Wachung avenue, in the borough of North Plainfield.

The first reason which they assign for attacking the assessment is that the act under which the improvement was made is unconstitutional because its object is not expressed in its title.   The title of the act is "An act for the formation of borough governments," and it is contended that there is nothing in this title to suggest in the remotest way the legislative purpose to confer the right of eminent domain upon the municipality.   We think that such power can fairly be inferred from this title.   There are many acts upon our statute-books which confer the power of eminent domain under titles no more suggestive than is that of the present act, and which have been held to comply with this constitutional provision.   "An act for the formation of railroad companies and to regulate the same," the supplement to "An act to incorporate and regulate telegraph companies," the special charters incorporating railroad companies and the various city charters of the state are examples of such legislation.

The next ground upon which the assessment is sought to be set aside is that one of the commissioners, Justus H. Cooley, was not a disinterested person and therefore was not qualified to act as such commissioner.   The evidence taken in the case shows that this commissioner, at the time of his appointment, was the owner of two lots located about one hundred or one hundred and fifty feet beyond the area of benefit as fixed by the commissioners, and the argument is that, as one of the duties of the commissioners was to determine how far the benefit of this improvement extended, and consequently to determine whether or not Cooley's lots were benefited, the necessity of his passing upon the question disqualified him. We do not think there is any merit in this ground of attack. The statute under which these proceedings have been had requires that the commissioners shall all of them be resident freeholders of the borough ; that being so, they are necessa-

rily required to determine whether or not the area of benefit includes the lands which they own, no matter in what part of the borough they may be located ; and unless it clearly appears that their determination is not justified by the facts their conclusion on this point should not be interfered with. *Jelliff* v. *Newark*, 19 *Vroom* 101. An examination of the testimony justifies the conclusion that Mr. Cooley was a disinterested freeholder within the meaning of the act.

It is further alleged, as a reason for setting aside this assessment, that the commissioners illegally assessed $11,044 against the taxable property of the borough generally. This sum was the amount remaining of the cost of the improvement after deducting all sums which had been assessed against property specially benefited thereby.

The statute under which these proceedings were had provides that, in case the costs and expenses of the improvement shall exceed the special benefits, the excess shall be paid out of the general road tax. That tax is assessable against the taxable property of the borough, and it is therefore apparent that, even if the assessment of this sum against the taxable property of the borough was set aside, the prosecutors would not be relieved from finally paying so much thereof as would be assessable against them, as taxpayers of the borough, in the shape of a road tax. This action of the commissioners therefore, assuming it to be unwarranted, has not in any way injuriously affected the prosecutors in their property rights, and consequently it affords no ground for the allowance of a *certiorari*. *Jersey City* v. *Traphagen*, 24 *Vroom* 434, and cases cited.

Another reason urged on behalf of the prosecutors is that the commissioners—having decided that lands assessed on the northeasterly side of Wachung avenue, lying beyond an imaginary line drawn midway between that avenue and Somerset street, and lands on the other side of said avenue lying beyond an imaginary line drawn parallel with and three hundred and fifty feet distant from it, were not benefited by the improvement—assessed only such lands as lay within these lines. The

result of this action was to arbitrarily divide the lots of some of the prosecutors which were used or held, as one plot of ground, and to place an assessment upon only such portions thereof as lay within the selected area. The viciousness of this method of assessment has been pointed out by the Court of Errors and Appeals in the case of *Aldridge* v. *Essex Road Board*, 22 *Vroom* 166, 170.

But, although this method is illegal, it will only justify the vacation of the assessments so far as those prosecutors are concerned whose lots have been bisected and assessed in the manner complained of. As to the other prosecutors such illegality does not seem to have worked any harm to them. A very considerable part of the cost of the improvement has been assessed upon the borough at large, and there is nothing in the proofs to suggest that the result of this error has been to impose upon their lands more than a proper assessment. *Righter* v. *Newark*, 16 *Vroom* 104; *Davis* v. *Newark*, 25 *Id.* 144.

Still another reason relied on for setting aside this assessment attacks the judgment of the commissioners in fixing the amount of the benefits received by the several prosecutors. We are asked to disregard their judgment, and accept as accurate that of certain other residents of the borough who testified for the prosecutors on that subject. The statute under which this assessment is made provides for the selection of certain freeholders whose judgment on the amount of the benefit received is to be accepted as accurate unless it is made to appear, by clear and convincing proof, to be erroneous. *Jelliff* v. *Newark, supra; Burlington* v. *Atlantic*, 20 *Id.* 408; *Hegeman* v. *Passaic*, 22 *Id.* 109; *Raymond* v. *Rutherford*, 26 *Id.* 446. We find nothing in the proofs of this case which convince us that the commissioners erred in determining the amount to which the lands of the respective prosecutors were benefited.

The other reasons advanced by the prosecutors are not of sufficient importance to require special discussion. It is enough to say that each of them has been considered by us,

and that we find nothing in them which would warrant our interfering with this assessment.

The result of our examination of this case leads us to the conclusion that those of the prosecutors whose lots have been bisected by the arbitrary lines of limitation above referred to, and the parts thereof lying within those lines subjected to assessment, are entitled to have their assessments set aside. As to the other prosecutors our conclusion is that their assessments should be affirmed.

The successful parties in each of these writs are entitled to costs.