THE MAYOR, &c., OF THE CITY OF NEWARK, v. NORTH JERSEY STREET RAILWAY COMPANY.

Argued November 10, 1905—Decided February 26, 1906.

A writ of *mandamus* should not issue at the instance of a municipal corporation to compel a street railway company to give transfers to its passengers within the municipality, when the obligation of the company to do so arises wholly from its assent to certain municipal ordinances which, of themselves, have no legislative force.

On application for *mandamus*.

Before Justices DIXON, GARRISON and SWAYZE.

For the city, *Malcolm MacLear*.

For the defendant, *Frank Bergen*.

The opinion of the court was delivered by

DIXON, J. The city of Newark has a rule requiring the North Jersey Street Railway Company to show cause why a *mandamus* should not issue to compel the company to give transfers to its passengers within the city under certain circumstances, in which the company denies its obligation to do so, and this rule is now before us for consideration.

The claim of the city is based upon its construction of the municipal ordinances.

We have not been able to find that these ordinances possess any legislative force with regard to the matter now in dispute, viz., the fare which the company may collect for transportation. Their efficacy is derived wholly from the assent of the company thereto, given as a condition on which certain privileges were granted by the city. These ordinances and the assent constituted a contract. *Jersey City* v. *Jersey City and Bergen Railroad Co.*, 41 *Vroom* 360. The benefits of this contract are to be enjoyed, not by the city in its cor-

porate capacity, but by the individual passengers within the city limits. The rights thus created are essentially private, and their denial may be made the subject of a private action. *Practice Act, Pamph. L.* 1903, *p.* 537, § 28. *Mandamus* is not the appropriate remedy for enforcing private rights growing out of contract. *Rosenfeld* v. *Einstein,* 17 *Vroom* 479, and authorities there cited.

The case of *Wilbur* v. *Trenton Passenger Railway Co.,* 28 *Vroom* 212, was quite different. There the defendant, having the right to place railway tracks in the borough streets, had laid rails which were unfit and impaired the use of the streets for general purposes. A *mandamus* was awarded to compel the defendant to remove those rails and to substitute such as were suitable. The writ was warranted on the principle that the defendant was bound by the common law not to obstruct the highway and to exercise its privilege in a proper manner. *Fielders* v. *North Jersey Street Railway Co.,* 39 *Id.* 343, 346. The duty was independent of contract.

The present rule must be discharged.