JOHN A. BAYLISS ET AL., PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF NORTH ARLINGTON AND THE MAYOR AND ALDERMEN OF JERSEY CITY.

Argued February 16, 1910—Decided July 20, 1910.

In *Pamph. L.* 1897, *p.* 232, and in *Pamph. L.* 1897, *p.* 323, § 76, as amended by *Pamph. L.* 1899, *p.* 159, the phrases, "any adjoining municipal corporation" and "any adjoining municipality," refer only to municipalities whose corporate territories are contiguous.

---

On *certiorari.*

Before Justices TRENCHARD and MINTURN.

For the prosecutors, *Collins & Corbin.*

For the defendant the mayor and council of the borough of North Arlington, *John M. Bell.*

For the defendant the mayor and aldermen of Jersey City, *Harry Lane* and *Warren Dixon.*

The opinion of the court was delivered by

TRENCHARD, J. This *certiorari* brings under review a resolution and contract of the borough of North Arlington, whereby the borough attempted to make a contract with Jersey City to provide for a water-supply by Jersey City to the borough.

The prosecutors contend that neither the borough nor the city had legal authority to make the contract in question.

It seems to be undisputed that if the borough has authority to execute such a contract for a water-supply, it is found in section 76 of the Borough act of 1897 (*Pamph L., p.* 323), as amended by *Pamph. L.* 1899, *p.* 159. This section, as amended, makes it lawful for a borough to make a contract with the governing body of "any adjoining municipality," or with any water company in this state, for a term not exceeding ten years, &c. It seems also to be undisputed that, if the city has any such authority, it is found in the act of April 16th, 1897 (*Pamph. L., p.* 232), wherein it is provided that it shall be lawful for the board of aldermen or other governing body of any municipal corporation in this state owning or controlling water works to make contracts with "any adjoining municipal corporation," or with any private corporation therein, to furnish a supply of water for public or private uses, &c.

Both of these statutes were considered and construed in the case of *Rehill* v. *East Newark and Jersey City,* 44 *Vroom* 220, wherein Mr. Justice Pitney (the present Chancellor) discussed all of the statutes under which it was claimed that Jersey City had the right to furnish water to other municipalities. In that case, because it appeared that the territory of East Newark was not contiguous to that of Jersey City, it was held that the act of April 16th, 1897 (*Pamph. L., p.* 232), did not authorize a contract between East Newark and Jersey City, and the same construction was given section 76 of the Borough act.

In the present case it appears, without dispute, that the borough of North Arlington is about five miles from the city of Jersey City, and that at no place do the municipalities touch each other.

The opinion of the Supreme Court in the Rehill case was affirmed by the Court of Errors and Appeals without further opinion (45 *Vroom* 849), and that case is conclusive of the case now in hand. It is therefore unnecessary to consider the prosecutors' other objections.

The resolution and contract under review will be set aside, with costs.