

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 16, 1947

Honorable T. Gilbert Adams
County Attorney
Jasper County
Jasper, Texas

Opinion No. V-148

Re: Construction of Section
1(c) of Article 911a,
V. C. S.

Dear Sir:

For brevity we summarize the facts contained in your request for an opinion as follows:

"There is now operating in the City of Kirbyville, Texas, which is an incorporated town, a taxicab company under and by authority of a franchise issued to it by the City Council of Kirbyville authorizing it to transport passengers for hire within the corporate limits of said City. In addition to the service authorized by its franchise from the City, it is engaged in transporting passengers for hire from Kirbyville to points within a fifty-mile radius thereof, and especially to such points as Jasper, Silsbee, and Beaumont, each of which is incorporated, and Newton, Call, and Buna. It is performing this latter service without any authority from the Railroad Commission of Texas.

"There is presently a regular motor bus service rendered by one or more motor bus companies operating pursuant to valid certificates of convenience and necessity issued by the Railroad Commission of Texas between Kirbyville, on the one hand, and Jasper, Call, Newton, Buna, Silsbee, Beaumont, and other points within a fifty-mile radius of Kirbyville, on the other hand.

"Recently a driver for the taxicab company in question was arrested and convicted

under Article 1690a, V. P. C., for violating the Texas Motor Bus Law as embraced in Article 911a, V. C. S."

In anticipation of future violations, you have requested our opinion on that portion of Section 1(c) of Article 911a, V. C. S., which reads "and the suburbs thereof, whether separately incorporated or otherwise."

It is assumed from the facts outlined by you that the transportation service being rendered by the taxicab company between Kirbyville, on the one hand, and points within a fifty-mile radius thereof, on the other, is regular in the sense that the company will and does as a matter of practice transport passengers to and from the points involved whenever a passenger presents himself and pays the fare demanded by the cab company. It is also assumed that the taxicab company in question cannot in any manner qualify or come within the provisions of either Article 6548, V. C. S., or 6548a, V. C. S.

Section 1(c) of Article 911a, V. C. S., reads as follows:

"The term 'Motor Bus Company' when used in this Act means every corporation or persons as herein defined, their lessees, trustees, receivers, or trustees appointed by any court whatsoever, owning, controlling, operating or managing any motor propelled passenger vehicle not usually operated on or over rails, and engaged in the business of transporting persons for compensation or hire over the public highways within the State of Texas, whether operating over fixed routes or fixed schedules, or otherwise; provided, further, that the term 'Motor Bus Company' as used in this Act shall not include corporations or persons, their lessees, trustees, or receivers, or trustees appointed by any court whatsoever, insofar as they own, control, operate, or manage motor propelled passenger vehicles operated wholly within the limits of any incorporated town or city, and the suburbs thereof, whether separately incorporated or otherwise." (Emphasis ours)

Article 1690a, V. P. C., reads in part as follows:

"(a)  Any officer, agent, servant, or
employee of any corporation and every oth-
er person who violates or fails to comply
with, or who procures, aids, or abets in the
violation of any provisions of this Act /Civ.
St. art. 911a; P. C. 1690a/ shall be guilty
of a misdemeanor, and upon conviction there-
of, shall be punished by a fine not to ex-
ceed Five Hundred ($500.00) Dollars, or by
imprisonment in the county jail not exceed-
ing one year, or by both such fine and im-
prisonment; and the violations occurring on
each day shall each constitute a separate
offense.

"(b)  Any officer, agent, servant, or
employee of any motor bus company as hereto-
fore defined, and any motor bus company, as
heretofore defined and/or the owner or oper-
ator, officer, servant, agent or employee,
or any such owner or operator of any bus
terminal who violates or fails to obey, ob-
serve or comply with any order, decision,
rule or regulation, direction, demand or
requirement of the Commission shall be sub-
ject to and shall pay a penalty not exceed-
ing Five Hundred ($500.00) Dollars, for
each and every day of such violation.  Such
penalty to be recovered in any court of com-
petent jurisdiction in Travis County, Texas,
or in the County in which the violation oc-
curs.  Suit for such penalty or penalties
shall be instituted and conducted by the
Attorney General of the State of Texas, or
by the county or district attorney of the
county in which the violation occurs, in
the name of the State of Texas, and by di-
rection of the Railroad Commission of
Texas."  (Emphasis ours)

It is clear from the express wording of Sec-
tion 1(c), supra, that a person operating a motor ve-
hicle and transporting passengers for compensation or
hire wholly within the limits of any incorporated town
or city, does not come within the definition of a
"Motor Bus Company", and is therefore not subject to
the terms and provisions of the Act (Article 911a, V.
C. S., and Article 1690a, V. P. C.).  Such operation

which is wholly within the limits of the city or town
is subject to regulation by the local authorities.
See City of Wichita Falls v. Bowen, 182 S. W. (2d)
695 (Sup. Ct. 1944). It is likewise clear that the
exemption contained in Section 1(c) applies with e-
qual force and effect to any operation confined wholly
within the limits of any incorporated town or city and
the suburbs thereof, whether separately incorporated
or otherwise. (Emphasis supplied) It therefore fol-
lows that if any of the operation extends beyond the
limits of the city or town and its suburbs, it becomes
an operation subject to regulation under the terms of
the Act. Hence, the answer to your question depends
upon the meaning of the words "and suburbs thereof,
whether separately incorporated or otherwise."

The word "suburb" is defined in 60 Corpus
Juris 982 as follows:

"Suburb. An outlying part of a city
or town; a region or place adjacent to a
city; a town or village so near that it
may be used for residence by those who do
business in the city."

In order for a place or town or region to
come within the definition of a suburb it must be ad-
jacent to, or contiguous with, the city or town. In
other words, it must actually join the limits of the
city, or border upon, or be nearby, or contiguous.
2 Words & Phrases Perm. Ed. 391, 392. The word "ad-
joining" with reference to municipal corporations in-
dicates contiguity of territory. Rehill v. Borough
of East Newark, 63 A. 81. 73 N. J. L. 220.

In Woolf v. Del Rio Motor Transportation
Company, 27 S. W. (2d) 875 (Tex. Civ. App. 1930), the
court, in affirming the judgment of the District
Court granting an injunction restraining an operation
in violation of the Motor Bus Law, was called upon to
decide whether or not an operation by motor vehicle
in the transportation of persons for hire between Del
Rio, Texas, and the International Bridge, including
Villa Acuna, Mexico, came within the exemption of Sec-
tion 1(c), supra, which of necessity involved a deter-
mination of the meaning of the words "suburbs thereof".
The court said:

"Was the territory described a suburb
of Del Rio?  The use of the word suburb in
Texas statutes is not new, for we have it
used and well defined and understood in
urban homesteads and other laws.  Suburb
is defined in Webster's New International
Dictionary as follows:  'An outlying part
of a city or town; a smaller place adja-
cent to a city.'

". . .

"The testimony showed the defendants
operated outside of the city of Del Rio
and in every direction that they had a
chance; as far as three miles east of the
city of Del Rio, and twelve miles west of
said city to Devil's River; that they op-
erated over the public highways within
this state and charged compensation for
carrying passengers; that they held them-
selves out to take passengers anywhere.
. . .

". . .

"Since the statute does not seek to
define the word 'suburb,' we are left to
work out and give to that word the usual,
familiar, and generally understood mean-
ing, as used in everyday life.  We do not
see how by any stretch of the imagination
one city more than three miles from an-
other city and separated by the Rio Grande
river, which is the boundary between two
republics, and also separated by large
farms and only twenty-one houses and shacks
between the two cities, can be considered
as a suburb of the Texas city."

As to whether or not a particular area is a
suburb of a city or town is ordinarily a question of
fact.  The determination of the fact issue depends up-
on a number of factors.  See our Opinion O-2737, dated
September 27, 1940, and our Opinion O-3504, dated May
14, 1941.

Applying the definition of a suburb as de-
fined in the Del Rio Case and the other authorities

above cited to the exception contained in Section 1(c), supra, we find that the Legislature has excluded from the provisions of Article 911a, V. C. S., and Article 1690a, V. P. C., any person owning, controlling, operating or managing any motor propelled passenger vehicle engaged in the business of transporting persons for compensation or hire over the highways of this State, when such operation is confined wholly within the limits of any incorporated town or city and the smaller outlying part of said city or town which is adjacent thereto, and this regardless of whether or not the smaller outlying and adjacent part of said city or town be separately incorporated or not.

Jasper, Newton, Silsbee, Beaumont, Buna, and Call are separate cities and towns from that of Kirbyville. The boundaries or corporate limits of said cities and towns are neither adjoining nor contiguous. On the contrary, the municipalities are located a number of miles in distance from each other, and several are located in a different county from that of Kirbyville. Under no application of the definition of the word "suburb" as used in Section 1(c), supra, can it be said that the named cities and towns are suburbs of Kirbyville. It therefore follows that the transportation described between Kirbyville, on the one hand, and Jasper, Newton, Silsbee, Beaumont, Buna, and Call, and other separate cities and towns which are neither adjoining nor contiguous to Kirbyville, on the other hand, is in violation of Article 911a, V. C. S., and Article 1690a, V. P. C.

## SUMMARY

The words "and suburbs thereof, whether separately incorporated or otherwise" as used in Section 1(c) of Article 911a, V. C. S., exempting the transportation service of taxi companies from the Motor Bus Law, mean the smaller outlying part of a city or town which is adjacent thereto; but do not include distant cities and towns which do not

adjoin the city or town in which the taxi
company is licensed to operate.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Charles D. Mathews*

Charles D. Mathews
Assistant

APPROVED: April 17, 1947

ATTORNEY GENERAL

CDM:jt:erc